UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MAHAMADOU KONATE,

    Plaintiff,

v.

JUDGE HON. LINDSAY THURSTON,

    Defendant.

Civil Action No. 5: 24-187-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

In the early morning hours of December 24, 2023, plaintiff Mahamadou Konate was arrested and charged with driving under the influence of alcohol ("DUI") and various traffic offenses. In February 2024, Konate pleaded guilty to improperly turning his vehicle while the DUI and other charges were dismissed.[1] Three months later, Konate filed suit in this Court against the public defender who represented him, the University of Kentucky ("UK") police officer who arrested him, and UK itself. In that matter the undersigned has dismissed the claims against all but the arresting officer, and the case still pends. *See Konate v. Vander Laan*, No. 5: 24-CV-154-KKC (E.D. Ky. 2024).

In this separate proceeding, Konate now sues the Honorable Lindsay Thurston, Judge for the District Court of Fayette County, Kentucky, who presided over the criminal prosecution against him. *See* [R. 1] Konate explains that "[t]his complaint arises from the judge's actions during the legal proceedings following Plaintiff's

---

[1] The current docket for this case, *Commonwealth v. Konate*, No. 23-T-18276 (Fayette Dist. Ct. 2023), can be reviewed online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=23-T-18276&caseTypeCode=TR&client_id=0 (accessed July 13, 2024).

wrongful arrest ...." *Id.* at 1.  More specifically, Konate alleges that during various court hearings Judge Thurston: would not let him speak; allowed his public defender to coerce him into pleading guilty to a minor traffic offense in exchange for the dismissal of the DUI charge; did not afford him adequate time to retain a private defense attorney while "fully aware that Plaintiff had lost his job due to the arrest and could not afford private counsel"; and exhibited partiality towards the prosecution with respect to the DUI charge that was ultimately dismissed.  [R. 1 at 1-3].  Konate asserts pursuant to 42 U.S.C. § 1983 that Judge Thurston violated various of his constitutional rights through his actions during court proceedings.  [R. 1 at 3-7]  Konate seeks damages, reversal of his conviction, and ancillary relief. *Id.* at 8-9.

The Court will dismiss this action with prejudice because the claims asserted against Judge Thurston are barred by absolute judicial immunity.  "Federal common law has long afforded judges absolute immunity from suits for money damages arising out of actions taken in a judge's official judicial capacity.  Originating in the Middle Ages, this body of law developed as a means to discourage collateral attacks on judicial decisions and to protect judges from vexatious litigation." *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988)).  Judicial immunity extends even to judicial acts allegedly performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

Konate affirmatively asserts that all of his claims are based upon the actions of Judge Thurston in the course of performing his duties as the judge presiding over his criminal case.  And all of the actions described were unquestionably judicial in nature.  Judicial immunity therefore applies. *Stump v. Sparkman*, 435 U.S. 349, 355 (1978);

2

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) ("'[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction.'").

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Mahamadou Konate's complaint [R. 1] is **DISMISSED** with prejudice.

2. This matter is **STRICKEN** from the docket.

Entered:  July 15, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY